**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | ) |
| | ) |
| **DALTON MANUEL SHAFFETT** | )     **Case No. 25-20254** |
| | )     **Chapter 13** |
| Debtor. | ) |

## <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

COMES NOW, Tinker Federal Credit Union (the "Movant"), by and through undersigned counsel, and hereby moves this Court for an Order granting the Movant relief from the automatic stay under §362(d) of the Bankruptcy Code. In support of this motion, Movant states as follows:

1. Movant brings this action under Title 11, Section 362 of the Bankruptcy Rules. This is a core proceeding.

2. Movant is the holder for value of a Retail Installment Contract and Security Agreement ("Contract") executed by and between Dalton Shaffett ("Debtor") and Tinker Federal Credit Union on or about February 12, 2021 as it relates to the purchase of a 2021 Arctic Wolf 298LB FifthWheel, (VIN# 5ZT3CKVB3M0707446) (the "Collateral"). A true and correct copy of the Contract is attached hereto as **Exhibit A**. Movant's lien was duly perfected as reflected on the attached **Exhibit B.**

3. On or about March 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13, with William H. Griffin appointed as the Chapter 13 Trustee.

4. The Debtor is in default on said Contract for failure to make payments when due. The total principal amount due and owing on the Contract as of September 15, 2025 is $48,982.51 plus interest in the amount of $2,870.17, for the period through September 15, 2025. Interest continues to accrue at the per diem rate of $10.38.

5. Pursuant to 11 U.S.C. §362(d)(1), Movant is without adequate protection as the

1

account is delinquent.

6. Debtor has defaulted in plan payments, and the total amount currently past due is in the amount of $5,476.85 (for the period of December 15, 2024 thru August 15, 2025).

7. The relief from the automatic stay will not cause Debtor harm or hamper the rights of other creditors herein. If relief from the automatic stay is not granted in favor of Movant, Movant will suffer immediate and irrevocable harm to its interest due to the depreciation and deterioration and waste of said Collateral.

8. 11 U.S.C. § 362(d)(1) provides the Bankruptcy Court "shall grant relief from the stay ... for cause, including lack of adequate protection of an interest in the property ...." In this instance, Movant lacks adequate protection given the amount of the indebtedness, the valuation of the Collateral, and the past due balance.

WHEREFORE Movant respectfully requests the Court to enter, among others, the following orders:

(a) Lifting the Stay under Sec. 362 as to Movant in connection with the Collateral and allowing Movant to dispose of said Collateral;

(b) Waiving the 14-day stay imposed by Bank. R. 4001(a)(3); and

(c) Ordering that Movant may proceed to enforce the provisions of its security interest and proceed with its remedies provided by contract and state law;

(d) Ordering that the Collateral is deemed abandoned by the Trustee as an asset of the estate; and

(e) For such other orders as this Court deems just and proper.

2

Respectfully submitted,

**PAPPAS HAYDEN WESTBERG & JACKSON PC**

/s/ Austin B. Hayden

Austin B. Hayden                    #25258
7500 W. 110th Street, Ste. 110
Overland Park, KS 66210
PH: (913) 491-4050
FX: (913) 491-3059
ahayden@phwjlaw.com
*ATTORNEY FOR TINKER FEDERAL CREDIT UNION*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 29, 2025, the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties listed below.

Dalton Manuel Shaffett
1967 Hawk Road
Abilene, KS 67410
DEBTOR

Ryan A. Blay
WM Law
15095 W. 116th Street
Olathe, KS 66062
ATTORNEY FOR DEBTOR

William H. Griffin
5115 Roe Blvd, Sutie 200
Roeland Park, KS 66205-2393
TRUSTEE

/s/    Austin B. Hayden
Austin B. Hayden        #25258

3

# EXHIBIT A

**OK-102 7/1/2020**

## Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| Camping World RV Sales - Oklahoma City<br>13111 N Broadway Extn<br>Oklahoma City, OK 73114 | DALTON SHAFFETT<br>2123 DEARBORN ST<br>AUGUSTA, KS 67010 | No. ▮▮▮▮▮<br>Date __02/12/2021__ |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 7.74 % | $ 31,833.88 | $ 58,601.00 | $ 90,434.88 | $ 9,183.00<br>$ 99,617.88 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 144 | $ 628.02 | Monthly, beginning on 3/29/2021 . |
| N/A | $ N/A | NOT APPLICABLE |
| N/A | $ N/A | NOT APPLICABLE |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $26.50.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2021 | ARCTIC WOLF | 298LB | FifthWheel | 5ZT3CKVB3M0707446 | 0 |

Other:

☒ New
☐ Used
☐ Demo

2021 ARCTIC WOLF 298LB FifthWheel 5ZT3CKVB3M0707446

### Description of Trade-In

**2008 CHEVROLET SILVERADO**
**[2GCEK19J381269806]**

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: _____N/A_____
_____N/A_____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

### Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ __58,601.00__ plus finance charges accruing on the unpaid balance at the rate of __7.74__ % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and

late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of
$ __0.00__ that will be ☐ paid in cash.
☐ financed over the term of the Contract.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of
$ __0.00__ if you pay this Contract in full before we have earned that much in finance charges.

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



RSSIMVLFLZOK 7/1/2020
Bankers Systems®
Page 1 of 5

**Itemization of Amount Financed**

| | | | |
|---|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. applicable sales/excise tax of $ 0.00 ) | $ | 58,771.00 |
| b. | Trade-in allowance | $ | 23,343.00 |
| c. | Less: Amount owing, paid to (includes k): USAA | $ | 15,660.00 |
| d. | Net trade-in (b–c; if negative, enter $0 here and enter the amount on line k) | $ | 7,683.00 |
| e. | Cash payment | $ | 1,500.00 |
| f. | Manufacturer's rebate | $ | 0.00 |
| g. | Deferred down payment | $ | 0.00 |
| h. | Other down payment (describe) N/A | $ | 0.00 |
| i. | **Down Payment** (d+e+f+g+h) | $ | 9,183.00 |
| j. | **Unpaid balance of Cash Price** (a–i) | $ | 49,588.00 |
| k. | Financed trade-in balance (see line d) | $ | 0.00 |
| l. | Paid to public officials: | | |
| | i. N/A | $ | 0.00 |
| | ii. N/A | $ | 0.00 |
| | iii. N/A | $ | 0.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| n. | Gap Waiver paid to Seller | $ | 1,200.00 |
| o. | Service Contract, paid to: Assurant | $ | 5,864.00 |
| p. | To: Tire & Wheel Protection paid to Safe Guard | $ | 1,030.00 |
| q. | To: Roadside Assistance paid to Good Sam | $ | 720.00 |
| r. | To: Documentation Fee paid to Seller | $ | 199.00 |
| s. | To: N/A | $ | 0.00 |
| t. | To: N/A | $ | 0.00 |
| u. | To: N/A | $ | 0.00 |
| v. | To: N/A | $ | 0.00 |
| w. | To: N/A | $ | 0.00 |
| x. | To: N/A | $ | 0.00 |
| y. | To: N/A | $ | 0.00 |
| z. | **Total Other Charges/Amts Paid** (k thru y) | $ | 9,013.00 |
| aa. | **Prepaid Finance Charge** | $ | 0.00 |
| bb. | **Amount Financed** (j+z–aa) | $ | 58,601.00 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

**Insurance Disclosures**

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single ☐ Joint ☒ None

Premium $ 0.00    Term N/A

Insured N/A

**Credit Disability**

☐ Single ☐ Joint ☒ None

Premium $ 0.00    Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: DALTON SHAFFETT     DOB ▓▓▓▓

By: N/A     N/A DOB

By: N/A     N/A DOB

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000.00 .

If you get insurance from or through us you will pay $ 0.00

for N/A    of coverage.

This premium is calculated as follows:

☐ $ 0.00 Deductible, Collision Cov.   $ 0.00
☐ $ 0.00 Deductible, Comprehensive   $ 0.00
☐ Fire-Theft and Combined Additional Cov.   $ 0.00
☐ N/A   $ 0.00

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for

N/A    of coverage.

[This area intentionally left blank.]

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RSSIMVLFLZOK 7/1/2020
Bankers Systems®
Page 2 of 5

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

[X] **Service Contract**

| | |
|---|---|
| Term | 72 months |
| Price | $ 5,864.00 |
| Coverage | as per Vehicle Service Contract |

[X] **Gap Waiver or** [ ] **Gap Insurance**

| | |
|---|---|
| Term | 72 months |
| Price | $ 1,200.00 |
| Coverage | as per GAP Contract |

[X] **Tire & Wheel Protection**

| | |
|---|---|
| Term | 60 months |
| Price | $ 1,030.00 |
| Coverage | as per Tire & Wheel Protection Contract |

|  | 02/12/2021 |
|---|---|
| By: DALTON SHAFFETT | Date |

|  | N/A |
|---|---|
| By: N/A | Date |

|  | N/A |
|---|---|
| By: N/A | Date |

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the *Description of Property* section. "Property" means the Vehicle and all other property described in the *Description of Property* section.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of your earlier scheduled payments, you may refinance that payment when due without penalty. The terms of the refinancing will be no less favorable to you than the original terms of this Contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Oklahoma and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

♦ You fail to perform any obligation that you have undertaken in this Contract and/or you fail to refrain from taking any act prohibited by this Contract.

♦ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs to realize on the Property and our reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

♦ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

♦ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.

♦ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

♦ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

♦ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

♦ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

Retail Installment Contract-OK  Not for use in transactions secured by a dwelling.
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RSS&IVLFLZOK 7/1/2020
Bankers Systems®
Page 5 of 5



You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all other Property, and accessions.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Insurance.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You may have the option of purchasing Gap Waiver or Gap Insurance to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Insurance agreements. Any Gap Waiver that you buy is part of this Contract.

*[This area intentionally left blank.]*

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

NOT APPLICABLE

|  | N/A |
|---|---|
| By: NOT APPLICABLE | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

Retail Installment Contract-OK. Not for use in transactions secured by a dwelling.
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

 RSSIMVLFLZOK 7/1/2020
Bankers Systems®
Page 4 of 5

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.**

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

| | |
|---|---|
| By: DALTON SHAFFETT | 02/12/2021 <br> Date |
| By: N/A | N/A <br> Date |
| By: N/A | N/A <br> Date |

**Notice to Buyer.** 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

| | |
|---|---|
| By: DALTON SHAFFETT | 02/12/2021 <br> Date |
| By: N/A | N/A <br> Date |
| By: N/A | N/A <br> Date |

**Seller**

| | |
|---|---|
| By: Camping World RV Sales - Oklahoma City | 02/12/2021 <br> Date |

**Assignment.** This Contract and Security Agreement is assigned to

Tinker Federal Credit Union

PO BOX 45750, Oklahoma City, OK 73145

the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

**Seller**

| | |
|---|---|
| By: Camping World RV Sales - Oklahoma City | 02/12/2021 <br> Date |

Retail Installment Contract-OK  Not for use in transactions secured by a dwelling
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RSSIMvLFLZOK 7/1/2020
Bankers Systems®
Page 5 of 5

# ADDENDUM TO RETAIL INSTALLMENT SALE CONTRACT
## (All Forms Addendum for Tinker Federal Credit Union)

This Addendum to Retail Installment Sale Contract (and Security Agreement), ("**Addendum**") modifies the Retail Installment Sale Contract (and Security Agreement), as the form contracts may be updated or revised from time to time, (the "**Contract**") entered into by and between the identified and undersigned buyer(s), (hereinafter "**Buyer**," "**you**" or "**your**", and the identified and undersigned seller (or the secured party), (hereinafter "**Seller**," "**we**," "**us**" or "**our**"). The "**Creditor**" is Tinker Federal Credit Union. This Addendum is applicable to all Contract forms and is binding upon the Buyer, Seller, and Creditor.

---

### Military Lending Act Disclosure

Federal law provides important protections to full-time active duty service members of the U.S. armed forces ("Armed Forces") and their family members or dependents relating to extensions of consumer credit. In general, the cost of consumer credit to an active member of the Armed Forces and his or her dependent may not exceed a military annual percentage rate ("MAPR") of thirty-six percent (36%). This rate cap must include, as applicable to the credit transaction or account: the costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and, any participation fee charged (other than certain participation fees for a credit card account). Some exclusions may apply and this disclosure applies in addition to all other disclosures in the Contract and this Addendum.

Upon your acceptance of this offer, we will determine your covered borrower status under the Military Lending Act (10 U.S.C. § 987) ("MLA"). If you are identified as a covered borrower under the MLA <u>at the time of acceptance</u>, the MLA protections will apply to your loan. If you are not identified as a covered borrower under the MLA at the time of acceptance of this offer, even though you may become a covered borrower under the MLA at any time during the term of this loan, the protections will not apply. The MLA applies only to identified and eligible active Armed Forces personnel (and their family members or dependents, as eligible) at the time of the loan application. Covered borrowers are entitled to certain rights and limitations, including the right to not have to submit to binding arbitration in the event of a dispute with the Contract. Once your loan has been established, you may call us at (405) 319-7200 or toll free at 844-756-3767 to obtain more specific information about your loan payment obligation or calculation.

If you have any questions regarding the MLA, please call Tinker Federal Credit Union ("TFCU") at (405) 319-7200 or toll free at 844-756-3767 and press 1 to speak to a TFCU Member Service Representative.

---

Buyer and Seller acknowledge and agree that this Addendum is incorporated into and made a part of the Contract.

The parties agree that the Contract is amended as follows:

1. Under the applicable provisions section entitled "Other Important Agreements," "Additional Terms of the Sales Agreement," "Additional Provisions," or any other words in which additional terms and conditions of the Contract follow, the following is inserted as part of the additional terms and conditions at the end of the respective sections:

**How we will apply payments:** For clarity, any payments received from you for your obligation to repay your loan debt under the terms of the Contract will be received, processed, and applied first to any late fees or charges due and owed (if applicable), then to accrued interest, and then to the principal loan balance. If you do not pay the full amount due, then a late fee may be assessed (in accordance with the terms of the Contract). If the payment remitted is not sufficient to cover the full monthly payment due, your due date will not advance until the difference is paid and your loan will be considered past due. The Creditor may, at their discretion, elect to advance the due date if your loan is past due for a minimal amount. Late fees are collected from your regular monthly payment amount and may extend the maturity date of your loan repayment obligation. It is encouraged that you pay your full regular loan payment amount within the time required; failure to make a full loan payment in a timely manner may result in late fees being assessed to your loan amount. To avoid a loan maturity date extension, you need to pay the full loan amount due monthly, including any late fee amounts that may be due with your payment. Any amounts received in excess of the amount due will

Case 25-20254   Doc# 33   Filed 09/29/25   Page 9 of 16

be applied to the loan principal to reduce your principal amount.

**Security Interest:** You agree to join with us in executing one or more financing statements, as may be required or requested, from time to time, in order to perfect, or continue perfection of, the security interest you granted under this Contract. A carbon, photographic, or other reproductions of this Contract or of any financing statement shall be sufficient to serve as a financing statement. You will not permit (i) any liens, security interests, or other encumbrances, except for our security interest, to attach to the vehicle; (ii) will not permit the vehicle to be levied on, garnished, or attached under any legal process; or (iii) permit any other thing to be done or attachment be made upon the vehicle that may impair the value of the vehicle or the security interest granted by the Contract. The security interest shall have first priority and secures all future advances by us to you, all other liabilities to us (primary, secondary, direct or indirect, absolute or contingent, sole, joint, or several) due or to become due or which may be hereafter contracted by or acquired of you. Any persons having, taking, or receiving an ownership interest in the vehicle shall be subject to our security interest and such persons shall not have any rights to transfer or assign any interest in the vehicle without being bound by the terms of the Contract and this Addendum.

**Insurance you must have on the vehicle:** The required deductible on the vehicle insurance you are required to obtain and maintain under the terms of the Contract shall not exceed one thousand dollars ($1,000.00).

**Affixing to Real or Personal Property Prohibited.** You will not allow or permit the vehicle to become an accession or affixed to other personal property or to become attached or affixed to real property without first obtaining our prior written consent. Our consent may be conditional on any requirements, (including but not limited to, the subrogation of other interest owners in and to such other personal or real property to our rights and interest), which requirements we deem to be for protection of our security interest; and it is understood and agreed that such consent will not be deemed to be effective until such conditions and requirements have been fulfilled. We reserve the right to deny consent for any reason.

**Events of Default.** In addition to the other provisions, defaults, and remedies outlined in the Contract, you will be considered in default under this Contract on the happening of any one or more of the following events or conditions: (a) any payment required under this Contract or under any other note or obligation of your to us is not made when due or in accordance with terms of the applicable Contract; (b) the making of any levy against or seizure, garnishment or attachment of the vehicle, the consensual encumbrance thereof by you, or the sale, lease or other disposition of the vehicle by you without our prior written consent; (c) loss, theft, substantial damage or destruction of the vehicle; (d) any time we in our sole discretion believe the prospect of payment or performance of any liability, covenant, warranty or obligation secured hereby is impaired; and/or (e) your death, incapacitation, insolvency, the appointment of a receiver over any part of your property or of any part of the vehicle, an assignment for the benefit of creditors, or the commencement of any proceedings under any bankruptcy or insolvency law by or against you or any guarantor or surety for you. Any unauthorized transfer or assignment of title to the vehicle shall be considered an event of default, at which time when may declare the full amount of the loan due and owing in accordance with our rights under applicable laws, rules, and statutes.

**Miscellaneous** No act, delay or omission, including our waiver of a remedy because of any default or any other provision of the Contract, will constitute a waiver (or continuing waiver for any future event), of any of our rights and remedies under this Contract or any other agreement between the parties or available at law or in equity. The Contract will inure to the benefit of our successors and assigns and will be binding on your heirs, executors, administrators, successors, transferees, and assigns. We at any time may pledge, transfer or assign our rights under the Contract in whole or in part, and any transferee or assignee will have all the rights as to the rights or parts thereof so pledged, transferred, or assigned. Your rights under the Contract may not be assigned or transferred for any reason. If more than one Buyer executes the Contract, their responsibility will be joint and several and the reference to Buyer in the Contract will be deemed to refer to each and every Buyer. If any provisions of the Contract is for any reason held to be invalid, non-binding, or unenforceable, for any reason, such invalidity or unenforceability will not affect any other provisions of the Contract, as amended, and the Contract will be construed as if such invalid or unenforceable provisions had never been contained in the Contract.

**Arbitration.** In the event the Contract contains an arbitration or dispute resolution provision, then such provision shall not be applicable to Tinker Federal Credit Union (as Creditor), with respect to any collection actions or efforts against the Buyer(s) and further such arbitration provision shall not be enforceable against any active full-time member of the Armed Forces, (who is determined to be a covered borrower under the Military Lending Act). Except as provided in the forgoing sentence and under applicable laws, rules, statutes, and regulations, any and all claims made by any Buyer(s)

Case 25-20254   Doc# 33   Filed 09/29/25   Page 10 of 16

shall be submitted to and subject to binding arbitration in accordance with the terms of the Contract, regardless of how and when any such claim was made.

**Gap Protection. You understand that the purchase of the Gap Protection is voluntary and is not required by Creditor to obtain credit. You further understand that this Addendum is not an offer of insurance coverage and does not waive your obligation to secure and maintain insurance.** You acknowledge and understand that, if an insurance related Gap Protection Policy ("Policy") is purchased by you with the Seller or through the Creditor, the Policy may contain certain stipulations, limitations, and/or restrictions, including an offer to skip a payment throughout the term of the Contract and loan payment cycle, that may nullify, reduce coverage, or make void the Gap Protection Policy. You agree that the Creditor assumes no liability or has any responsibility to notify you of such stipulations, limitations, or restrictions. You acknowledge and understand that it is your sole responsibility to read, understand, and be aware of the provisions of such Policy and any such clause or condition in the Policy, which may nullify or make void the Gap Protection Policy. You understand and agree that by purchasing a Gap Protection Policy, the Creditor retains its contractual rights and nothing in the Policy diminishes Creditor's secured rights, in the event of a total loss, to hold you liable for any and all remaining unpaid deficiency amounts. In the event of a total loss, it is your obligation to pursue a claim on your Policy. You further understand and agree that a Gap Protection Policy does not change your obligation to keep your payments timely paid and current with Creditor. If your Policy fails to pay any or all amounts owed by you to the Creditor, then Creditor retains its contractual rights to hold you liable for the remaining unpaid balance. You understand and agree that a Gap Protection Policy is not a substitute for any personal liability, collision damage, property damage, or other insurance policy coverage you are required to maintain. You understand and agree that the Creditor may retain, without liability to you, all of or any of the one-time fee(s), or Creditor may pay any portion of coverage to a third party as a service fee, or for indemnification purposes or requirements, without any liability to you. Except to the extent limited by applicable laws, rules, regulations, or statutes, you are and remain responsible for all insurance coverage (including Gap Protection Policy coverage), payments (including fees, charges, and expenses in administering the loan by Creditor), and any other fees, damages, penalties, taxes, or assessments incurred by Creditor or assessed to you in accordance with the Contract and your loan with Creditor.

2.      Except as set forth in this Addendum, all other terms and provisions of the applicable Contract remains in full force and effect. If there is conflict between any of the terms of this Addendum and the Contract or any earlier amendment, the terms of this Addendum shall govern and prevail over any prior or conflicting terms or conditions.


### TINKER FEDERAL CREDIT UNION
### ACKNOWLEDGMENT AND INSTRUCTIONS OF THE CONSUMER
### FOR THE USE OF CONSUMER CREDIT REPORTS

Tinker Federal Credit Union ("TFCU" or "Creditor") offers many financial products and services to its members. Some of those products and services are dependent upon a member's creditworthiness, which is determined in part by reviewing a consumer report. The consumer report(s) obtained (or which will be obtained, as authorized by you under the Contract) by TFCU, for the purpose of the transaction or service initiated by you contains information on trade lines you may have with other lenders. If you instruct us and consent to allow use to use the consumer report(s) obtained (or are obtaining) to determine your eligibility for TFCU financial products and services, you can do so by checking the first box shown below and we will determine your eligibility for other TFCU products and services and communicate such to you in the method you indicate. Please be aware that instructing us to use your consumer report(s) for these purposes does not guarantee an offer of or extension of any credit.

We have obtained (or will be obtaining) a consumer credit report(s) from one or more consumer reporting agencies ("consumer report") for the purpose of verifying information in connection with opening an account in your name and/or considering an application for a loan and/or other products or services offered by TFCU. You understand that you must be or become a member of TFCU before any extension of credit may be granted. By signing this Addendum and acknowledging the information and instructions you are authorizing and consenting to how TFCU may use the consumer report(s), the terms herein, and consenting to the communication methods selected.

Case 25-20254   Doc# 33   Filed 09/29/25   Page 11 of 16

<table>
<tr><th>Buyer</th><th>Co Buyer</th></tr>
</table>

**Buyer** | **Co Buyer**

☒ I, the undersigned, instruct, and authorize TFCU to review and use my consumer report(s) to determine if I am eligible for other TFCU financial products or services and for the purpose of determining whether to offer me other TFCU financial products and services.

☐ I, the undersigned, instruct TFCU **NOT** to review and use my consumer report(s) to determine if I am eligible for other TFCU financial products or services.

☒ I, the undersigned buyer hereby authorize and consent to Tinker Federal Credit Union contacting me for purposes of providing financing information and information on other products and services at the contact below, which may include phone calls, SMS text messages, mail, alerts, or emails.

Name: DALTON SHAFFETT

Mobile Phone #: _____

Email Address: ████████████████

☒ I, the undersigned, instruct, and authorize TFCU to review and use my consumer report(s) to determine if I am eligible for other TFCU financial products or services and for the purpose of determining whether to offer me other TFCU financial products and services.

☐ I, the undersigned, instruct TFCU **NOT** to review and use my consumer report(s) to determine if I am eligible for other TFCU financial products or services.

☒ I, the undersigned buyer hereby authorize and consent to Tinker Federal Credit Union contacting me for purposes of providing financing information and information on other products and services at the contact below, which may include phone calls, SMS text messages, mail, alerts, or emails.

Name: _____

Mobile Phone #: _____

Email Address: _____

**IN WITNESS WHEREOF**, this Addendum has been duly executed by each party as of the date(s) indicated below.

**Buyer(s):**

_____
Buyer Signature

DALTON SHAFFETT
Print Name

02/12/2021
Date of Contract

_____
Co-Buyer Signature

_____
Print Name

_____
Date of Contract

**Seller:**

_____
Seller Signature

_____ / Manager
Print Name and Title

02/12/2021
Date of Contract

Case 25-20254    Doc# 33    Filed 09/29/25    Page 12 of 16

OKLAHOMA TAX COMMISSION

LIEN HOLDERS RELEASE FORMS

L0239303408



VIN: 5ZT3CKVB3M0707446    VEHYR: 2021   MAKE: ARTW   MODEL: 5TH WHEEL   BODY: TV
AGNT #: M5585                            LIEN DATE: 02/12/2021
LIEN DEBTOR: SHAFFETT DALTON

SHAFFETT DALTON
2123 DEARBORN ST
AUGUSTA KS  67010-2115



LIEN HOLDER:  TINKER FEDERAL CREDIT UNION

TINKER FEDERAL CREDIT UNION
PO BOX 45750
OKLAHOMA CITY OK  73145-0750

TO:   OKLAHOMA TAX COMMISSION
      MOTOR VEHICLE DIVISION
      P.O. BOX 269061
      OKLAHOMA CITY OK 73126

# EXHIBIT B

TO WHOM IT MAY CONCERN: WE HAVE RELEASED OUR SECURITY INTEREST IN THE MOTOR VEHICLE
DESCRIBED ABOVE, EFFECTIVE ON THE DATE WHICH APPEARS BY MY SIGNATURE. PLEASE REVISE YOUR
RECORDS TO REFLECT THIS RELEASE.
SIGNATURE OF REPRESENTATIVE OF SECURED PARTY

X _____      DATE _____

## LENDER: TO ENSURE PROPER PROCESSING OF YOUR COMPLETED LIEN RELEASE, PLEASE NOTE THE FOLLOWING.

DO NOT ALTER THIS DOCUMENT

NO STAPLES

NO TAPE

NO FOREIGN FIXTURES OR ATTACHMENTS

NO WRITING OR MARKING
(OTHER THAN SIGNATURE AND DATE FOR RELEASE)

DO NOT ALTER THE SIZE OF THIS DOCUMENT

# CERTIFICATE OF ORIGIN FOR A VEHICLE

## FOREST RIVER, INC.

| DATE | | | INVOICE NO. |
|---|---|---|---|
| 9/21/2020 | | | S1257403 |

| VEHICLE IDENTIFICATION NO. | | YEAR | MAKE |
|---|---|---|---|
| 5ZT3CKVB3M0707446 | | 2021 | CHEROKEE |

| BODY TYPE | | | SHIPPING WEIGHT |
|---|---|---|---|
| FIFTH WHEEL | | | 9010 |

| H.P. (S.A.E.) | G.V.W.R. | NO. CYLS. | SERIES OR MODEL |
|---|---|---|---|
| | 11820 | | ARCTIC WOLF |

LENGTH WITH HITCH 34'0", WITHOUT HITCH 29'6"
WIDTH 8'                                   CKF298LB-75

Complies with Calif. Vehicle Code Sec. 35400.6 (a)(2)(A)or(B)

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

**CAMPING WORLD RV SALES LLC**

**13111 N BROADWAY EXT**
**OKLAHOMA CITY, OK 73114**
**USA**

OKLAHOMA MOTOR VEHICLE
LIEN ENTERED
Date 2-22-21   Time

If the vehicle described hereon is a motor home the undersigned certifies this is equipped with at least four of the following life support systems; cooking, refrigeration or ice box, self-contained toilet, heating and/or air conditioning, potable water supply system including a faucet and sink, separate 110-115 volt electrical power supply or an LP gas supply, all of which meet the NFPA1192 standards, PMRV meets the ANSI A119.5 standards Bowles 5585

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

## FOREST RIVER, INC.

CK0707446

BY: _David O. Ritchi_

(SIGNATURE OF AUTHORIZED REPRESENTATIVE)          (AGENT)

**900 COUNTY ROAD 1**
**ELKHART, IN 46515**
CITY-STATE

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interests other than disclosed herein and warrant title to the vehicle. FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO:

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) _Dalton Shaffett_

ADDRESS _2125 Dearborn St Augusta, KS 67010_

I certify to the best of my knowledge that the odometer reading is _____

DEALER _CURVS_    _78769_

NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER

By: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this ___ day of ___

State of _OK_

County of _OK_

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S) _____

ADDRESS _____

I certify to the best of my knowledge that the odometer reading is _____ No Tenths

DEALER _____

NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER

By: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this ___ day of ___ Year ___

State of _____

County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S) _____

ADDRESS _____

I certify to the best of my knowledge that the odometer reading is _____ No Tenths

DEALER _____

NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER

By: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this ___ day of ___ Year ___

State of _____

County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S) _____

ADDRESS _____

I certify to the best of my knowledge that the odometer reading is _____ No Tenths

DEALER _____

NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER

By: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this ___ day of ___ Year ___

State of _____

County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. Odometer Reading _____ No Tenths. ☐ The mileage stated is in excess of its mechanical limits. ☐ The odometer reading is not the actual mileage. WARNING ODOMETER DISCREPANCY

Signature(s) of Sellers(s) _____

Printed Name(s) of Sellers(s) _____ Dealer's No. _____

Signature(s) of Purchaser(s) _____

Printed Names(s) of Purchaser(s) _____

Company Name (If Applicable) _____

Address of Purchaser(s) _____

Date of Statement _____ Date of sale _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this ___ day of ___ Year ___

Notary Public

State of _____

County of _____

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _Tinker Federal Credit Union_

whose address is _P.O. Box 45750 OKC, OK 73145_

2nd lien in favor of _____

whose address is _____

# Kansas

Kansas Department of Revenue, Division of Vehicle, Topeka Kansas

## Title and Registration Receipt -- Lienholder Copy

**Transaction Date:** 12-20-2021          **Transaction County:** Dickinson

**Primary Owner Names:**    SHAFFETT DALTON MANUEL

1967 HAWK RD
ABILENE, KS 674106352

**VIN:** 5ZT3CKVB3M0707446
**Year:** 2021
**Model:** Arctic Wolf Fifth Wheel
**Make:** CHER
**Usage:** Recreational Vehicle

**Plate#:** ▮▮▮▮▮
**Mileage:**   Miles

**Lienholders:**

TINKER FEDERAL CREDIT UNION
PO BOX 45750
OKLAHOMA CITY, OK 73145-0750

DICKINSON COUNTY
109 E 1ST ST, ABILENE, KS 67410
Phone: 785-263-3231